IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES A. COUTTS, ) | |
| ) | |
| Plaintiff, ) | 8:16CV121 |
| ) | |
| V. ) | |
| ) | |
| KEARNEY COUNTY, NEBRASKA, ) | **MEMORANDUM** |
| SHERIFF SCOTT WHITE, DEPUTY ) | **AND ORDER** |
| SHANE MONTHEY, DEPUTY ) | |
| COREY ZIOLA, and DEPUTY ) | |
| JUSTIN GLANZER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, who is currently incarcerated at the Nebraska State Penitentiary, filed his Complaint on March 23, 2016 (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 7.) Therefore, at this time, the court will conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. Plaintiff also contends that Defendants discriminated against him by transporting another inmate to the hospital for medical treatment, and refusing to transfer him to the hospital.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff claims that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. To establish a § 1983 claim for deprivation of medical care, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Even assuming Plaintiff had a serious medical need, Plaintiff has not adequately alleged that Defendants were each aware that Plaintiff required immediate medical attention, but were indifferent to his need for treatment.

Plaintiff also alleges that his right to equal protection was violated because he was treated differently from another inmate. However, Plaintiff does not allege he was subject to adverse treatment based on some constitutionally impermissible reason. Rather, Plaintiff simply alleges that another inmate was transported to the hospital for treatment of injuries sustained in a fight, but he was not. "[M]ere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause." *McKensie v. Alabama Department of Corrections*, No. 2:11-CV-97-ID, 2011 WL 1004875, *1 (M.D. Ala. Feb. 24, 2011). Therefore, Plaintiff has failed to state a viable equal protection claim.

Also, Plaintiff has failed to state a claim against Kearney County, Nebraska, because as a municipality, Kearney County can only be liable under § 1983 if a municipal policy or custom caused his injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff has failed to plausibly suggest that an official Kearney County policy or custom caused the allegedly deficient

medical care.

Further, Plaintiff has asserted his claims against the individually-named defendants in their official capacities only. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, Kearney County. See [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)](). As stated previously, Kearney County can only be liable under § 1983 if a municipal policy or custom caused Plaintiff's injury. Plaintiff has failed to make such allegations.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by September 15, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: September 15, 2016, check for amended complaint.

DATED this 18th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

4